## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHEARRIE D. BUCHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 08-4099-JAR-GBC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423(hereinafter the Act).  Finding error in the Commissioner's credibility determination, the court recommends the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

## I.   Background

Plaintiff applied for DIB on May 17, 2005 alleging disability beginning September 28, 1999.  (R. 10, 638-43).[1]  In

---

[1]The "Exhibit List" and pages 637-53 of the administrative record are in the "Supplement" filed on June 9, 2009.  (Doc. 20).

due course, plaintiff requested and received a hearing before an
Administrative Law Judge (ALJ).  (R. 10, 21-28, 35).  At the
hearing, plaintiff was represented by counsel, and testimony was
taken from plaintiff and a vocational expert.  (R. 590-636).  On
April 9, 2008, ALJ Guy E. Taylor issued a decision finding that
plaintiff was not disabled within the meaning of the Act "at any
time through the date her insured status expired, or March 31,
2005," and denied her application for benefits.  (R. 18).

    The ALJ made findings at each of the five steps of the
sequential evaluation process regarding plaintiff's condition
through her date last insured:  (1) Plaintiff has not performed
substantial gainful activity since her alleged onset date.  (R.
11).  (2) Plaintiff has "severe" impairments consisting of:
obesity; diabetes mellitus; degenerative disc disease of the
cervical and lumbar spine, with decompression and fusion surgery,
with history of cervical and upper extremity pain; and a knee
injury resulting in both arthroscopic and open surgery.  Id.  The
ALJ found that plaintiff's hearing loss, carpal tunnel syndrome,
headaches, fistulotomy's in 2002 and 2003, and complaints of
fecal incontinence are not "severe," but he considered them in
plaintiff's combination of impairments.  Id.  (3) Plaintiff's
combination of impairments does not meet or equal the severity of
an impairment in the Listing of Impairments.  Id.

The ALJ found plaintiff's allegations of disabling symptoms not credible (R. 16), accorded weight to the medical opinions of the nonexamining state agency physicians (R. 16-17) and accorded "only limited weight" to the medical opinion presented by plaintiff's treating physician, Dr. Rockefeller. (R. 15). The ALJ found plaintiff has the residual functional capacity (RFC) for a range of sedentary work requiring a sit/stand option at will and limited by an inability to climb or stoop, and with only occasional kneeling, crouching, crawling, reaching, handling, and fingering. (R. 16). He found plaintiff is precluded from concentrated exposure to humidity or vibration, or to work hazards such as dangerous machinery and unprotected heights. Id.

The ALJ found (4) that plaintiff is unable to perform her past relevant work, but (5) that she is able to perform other work in the economy such as work as a surveillance system monitor, or a credit checker. Id. Therefore, he concluded that plaintiff was not disabled at any time before her date last insured, and denied her application. (R. 18).

Plaintiff sought, but was denied Appeals Council review of the decision. (R. 2-4, 6). Therefore, the ALJ's decision is the final decision of the Commissioner. Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of the decision.

**II.  Legal Standard**

-3-

The court's review is guided by the Act.  42 U.S.C. § 405(g).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which

-4-

prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. § 404.1520 (2008); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520.  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

-5-

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the economy.  <u>Williams</u>, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity.  <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred:  at step two in failing to properly account for her incontinence, hearing loss, and carpal tunnel syndrome; in the credibility determination by applying the incorrect legal standard and by improperly weighing the factors relating to credibility; in according only limited weight to the opinion of plaintiff's treating physician, Dr. Rockefeller; and in the RFC assessment by including the erroneous findings reached above.  The Commissioner argues that the ALJ applied the correct legal standard, and his findings are supported by substantial evidence.  The court begins to address the issues in order of the sequential evaluation process.

## III. Step Two

At step two of his evaluation, the ALJ determined plaintiff has certain impairments which are "severe" within the meaning of

the Act, including obesity; diabetes mellitus; degenerative disc
disease of the cervical and lumbar spine, with decompression and
fusion surgery, with history of cervical and upper extremity
pain; and a knee injury resulting in both arthroscopic and open
surgery.  (R. 11).  With regard to plaintiff's remaining
impairments, the ALJ stated, "Claimant's history of bilateral
hearing loss, bilateral carpal tunnel syndrome, headaches,
history of fistulotomy times two in 2002 and 2003 and complaints
of fecal incontinence have been considered in the combination of
impairments, but are found to be not severe pursuant to the
regulations."  Id.

     Plaintiff claims the ALJ erred in finding that fecal
incontinence, carpal tunnel syndrome, and bilateral hearing loss
are not "severe" impairments in this case.  (Pl. Br. 38-43).[2]
The Commissioner argues that the evidence does not establish that
these impairments significantly limit plaintiff's ability to
perform basic work activities, and therefore, the ALJ correctly
found they are not severe.  (Comm'r Br. 5-9).

_____

     [2]Plaintiff may also be arguing that the ALJ gave
insufficient weight to each of these impairments in assessing
plaintiff's RFC.  However, plaintiff's argument essentially seeks
to have the court reweigh the evidence, and the court may not do
so.  Hackett, 395 F.3d at 1172; White, 287 F.3d at 905; Casias,
933 F.2d at 800.  Further, to the extent plaintiff's argument is
based upon her own testimony, the court finds hereinafter that
remand is necessary for the Commissioner to properly evaluate the
credibility of plaintiff's allegations.

As plaintiff argues, the Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment at step two of the sequential evaluation process, plaintiff must make only a "de minimis" showing.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities.  Williams, 844 F.2d at 751.  However, she must show more than the mere presence of a condition or ailment.  Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe.  Hinkle, 132 F.3d at 1352.

What plaintiff fails to recognize, however, is that the question at step two is whether plaintiff has a severe impairment "or a combination of impairments that is severe."  20 C.F.R. § 404.1520(a)(4)(ii).  Moreover, in determining whether a claimant is disabled, the regulations require the Commissioner to "consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability

determination process." Id. at § 404.1523.  The Tenth Circuit has recently decided the very issue presented here.

In Brescia v. Astrue, 287 Fed. Appx. 626, 628-29 (10th Cir. July 8, 2008), the court held that once an ALJ has found at least one severe impairment, a failure to designate another impairment as "severe" does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  Again, in Hill v. Astrue, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008), the court held that the failure to find additional impairments are severe is not cause for reversal so long as the ALJ considers the effects of all of the claimant's medically determinable impairments, both those he finds "severe" and those "not severe."  Here, the ALJ specifically noted that he had considered plaintiff's "non-severe" impairments "in the combination of impairments."  (R. 11).  The court finds no error at step two.

**IV.  The Credibility Determination**

Plaintiff makes two distinct claims with regard to the ALJ's credibility determination.  First, she argues that the ALJ applied the incorrect legal standard to the credibility determination.  (Pl. Br. 44-47).  Then she argues that the ALJ failed to make proper credibility determinations.  (Pl. Br. 48-

-9-

53).  The Commissioner argues that the ALJ applied the correct
legal standard, that the ALJ considered appropriate factors in
the determination, and that substantial evidence supports the
credibility finding.  (Comm'r Br. 9-15).

**A.    The Applicable Legal Standard**

As plaintiff suggests, the Tenth Circuit has recognized a
three-step framework for evaluating a claimant's allegations of
symptoms resulting from her impairments.  <u>Luna v. Bowen</u>, 834 F.2d
161 (10th Cir. 1987).  The ALJ or the court "must consider
(1) whether Claimant established a [symptom]-producing impairment
by objective medical evidence; (2) if so, whether there is a
"loose nexus" between the proven impairment and the Claimant's
subjective allegations of [symptoms]; and (3) if so, whether,
considering all the evidence, both objective and subjective,
Claimant's [symptom] is in fact disabling."  <u>Thompson v.
Sullivan</u>, 987 F.2d 1482, 1488 (10th Cir. 1993)(dealing
specifically with pain).

Plaintiff agrees that the ALJ applied step one properly (Pl.
Br. 44), but argues that the ALJ "adopt[ed] a more stringent
standard in the second step" (Pl. Br. 45), and that at step
three, "Instead of examining relevant factors the ALJ focused on
other factors." (Pl. Br. 46).  The court disagrees.

Plaintiff claims the ALJ failed to find a "loose nexus"
between her impairments and her allegations of pain, and quotes

-10-

the Luna decision for the proposition that "if an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." (Pl. Br. 45)(quoting Luna, 834 F.2d at 164)(emphasis in Luna). However, this is precisely the finding the ALJ made at the second step of the Luna framework:  "claimant has orthopedic abnormalities which result in some limitations."  (R. 13)(emphasis added).  Thus, it is clear the ALJ found both step one and step two of the Luna framework are satisfied, triggering the step three requirement that he consider all of the evidence to determine whether plaintiff's pain is disabling.

A fair reading of the decision reveals that the ALJ based his credibility finding upon a purported consideration of all the evidence.  In fact, the ALJ stated his findings were made "After a careful consideration of the entire record."  (R. 17).  The court finds the ALJ applied the correct legal standard in his credibility determination.

Plaintiff's argument that "Instead of examining relevant factors the ALJ focused on other factors" (Pl. Br. 46) does not require a finding that the ALJ applied the incorrect legal standard.  First, plaintiff's argument invites the court to improperly reweigh the evidence.  Hackett, 395 F.3d at 1172(court may not reweigh the evidence or substitute it's judgment for the

-11-

Commissioner); <u>White</u>, 287 F.3d at 905; <u>Casias</u>, 933 F.2d at 800.
Moreover, in a recent case where the claimant made essentially
the same argument as presented here, the Tenth Circuit noted that
"precedent 'does not require a formalistic factor-by-factor
recitation of the evidence ... [s]o long as the ALJ sets forth
the specific evidence he relies on in evaluating the claimant's
credibility.'" <u>Poppa v. Astrue</u>, --- F.3d ---, ---, 2009 WL
1488953, at *3 (10th Cir. 2009)(quoting <u>Qualls v. Apfel</u>, 206 F.3d
1368, 1372 (10th Cir. 2000)). Finally, plaintiff's argument
addresses the issue of whether substantial evidence supports the
ALJ's decision, not whether the ALJ applied the correct legal
standard in evaluating the credibility of plaintiff's allegations
of disabling symptoms.

    **B.**   **The Credibility Determination**

    In her argument that the ALJ made improper credibility
determinations, plaintiff once again suggests that the court
should reweigh the evidence, which it will not do.  However,
plaintiff points to the ALJ's finding that plaintiff received a
workers' compensation settlement of $43,000 which "might have
reduced claimant's incentive to work somewhat." (Pl. Br.
50)(quoting (R. 12)).  Plaintiff argues that the ALJ thereby
"improperly alleg[ed] that Plaintiff is motivated by secondary
gain." <u>Id.</u>  Plaintiff supports her argument with an extensive

quotation from <u>Stefanopoulos v. Barnhart</u>, 183 F. Supp. 2d 1322, 1329 (D. Kan. 2002).  <u>Id.</u> at 50-51.

Contrary to plaintiff's argument, the error the court found in <u>Stefanopoulos</u> was not in finding the claimant was motivated by gain (primary or secondary).  The error was in using the receipt of workers' compensation funds in the credibility analysis to suggest plaintiff was not motivated to work.  <u>Stefanopoulos</u>, 183 F. Supp. 2d at 1329("the court finds the ALJ improperly considered plaintiff's receipt of funds pursuant to his workers' compensation claim in adjudging plaintiff's motivation to work.")(citing <u>Hinton v. Massanari</u>, 13 Fed. Appx. 819, 820 n.1 2001 WL 744971 at *1 n.1 (10th Cir. Jul. 3, 2001); and <u>Simmonds v. Massanari</u>, 160 F. Supp. 2d 1235, 1242-43 (D. Kan. 2001)).  As the court explained in <u>Massanari</u>, "Congress drafted the social security statutes with the expectation that claimants could receive both workers' compensation and disability benefits." <u>Massanari</u>, 13 Fed. Appx. at 820 n.1.  Therefore, a statement that the claimant's receipt of workers' compensation benefits might reduce motivation to work is improper.  <u>Id.</u>

Nonetheless, the error present in <u>Massanari</u>, <u>Stefanopoulos</u>, and <u>Simmonds</u> is present in this case.  The law is clear in the Tenth Circuit and in this district.  It is error for the ALJ to use the receipt of workers' compensation in his credibility analysis to suggest plaintiff might not be motivated to work.

<u>Shriver v. Chater</u>, No. 94-5214, 1995 WL 454710 at *3 (10th Cir. Aug. 2, 1995); <u>Mason v. Astrue</u>, No. 07-1003-MLB, 2007 WL 2900288 at *5 n.3 (D. Kan. Sept. 17, 2007); <u>Sartin v. Astrue</u>, No. 06-4008-JAR, 2007 WL 1894284 at *5 (D. Kan. Jun. 25, 2007); <u>Freeman v. Barnhart</u>, No. 05-1287-JTM, 2006 WL 4059099 at *6 (D. Kan. Aug. 2, 2006).

As additional reasons for finding plaintiff's allegation not credible, the ALJ noted that:  (1) plaintiff's "inconsistent work history with very low earnings posted for many years" suggests poor motivation to work; (2) plaintiff reported to her doctor that she had been out of work since September 1999, "just doing the usual things around the house," and that she "sits all day watching TV;" and (3) plaintiff's "activities of daily living do not support a finding that her symptoms would preclude all types of gainful work."  (R. 12-13).

While reasons (1) and (2) provide at least some support for the ALJ's credibility finding, as plaintiff argues the ALJ's analysis of plaintiff's daily activities "borders on no discussion."  (Pl. Br. 51).  The ALJ makes no specific evidentiary analysis, and he does not point to evidence of daily activities which suggests an ability to perform gainful work.

In light of the ALJ's weak analysis with regard to daily activities, and the error in using workers' compensation benefits, and because a credibility assessment requires

-14-

consideration of all the factors in combination, the court finds
it necessary to remand the case to the Commissioner for a proper
credibility determination.  Because several of the factors relied
upon by the ALJ are improper or unsupported, the court is
"precluded from weighing the remaining factors to determine
whether they, in themselves, are sufficient to support the
credibility determination."  Bakalarski v. Apfel, No. 97-1107,
1997 WL 748653, *3 (10th Cir. Dec. 3, 1997).

     Because the court finds remand is necessary because of an
improper credibility determination, it is unnecessary to consider
plaintiff's remaining arguments relating to evaluation of the
treating source medical opinion and assessment of plaintiff's
RFC.  Plaintiff may make her arguments in that regard to the
Commissioner on remand.  Plaintiff's brief implies that remand
for immediate award of benefits is the appropriate remedy in this
case (Pl. Br. 59), but plaintiff does not develop and support
that argument and the court will not consider it.  Ambus v.
Granite Bd. of Educ., 975 F.2d 1555, 1558 n.1 (10th Cir.
1992)(issue mentioned on appeal, but not addressed, is waived),
modified on other grounds on reh'g, 995 F.2d 992 (10th Cir.
1993).

     **IT IS THEREFORE RECOMMENDED** that the Commissioner's decision
be REVERSED and that judgment be entered in accordance with the

fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>29th</u> day of June 2009, at Wichita, Kansas.


<u>s\  Gerald B. Cohn   </u>
**GERALD B. COHN**
**United States Magistrate Judge**